UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14150-CIV-GAYLES/MAYNARD

**ALEJANDRO JUAREZ,**
also known as Alejandrino Juarez,

    **Plaintiff,**

v.

**RAMIRO DOVAL, DEPUTY #6698,**

    **Defendant.**
_____/

## REPORT & RECOMMENDATION

**THIS** is before me upon a *sua sponte* review of the record. Plaintiff's whereabouts are currently unknown and he has failed to respond to Court directives. He has not taken affirmative steps to continue prosecuting his claims or demonstrate an intention to comply with his pretrial obligations. I thus recommend that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

On April 26, 2022, Plaintiff filed a *pro se* Complaint for Violation of Civil Rights pursuant to 42 U.S.C. § 1983 against Okeechobee County Sheriff's Office and Deputy Ramiro Doval. DE 1. At the time, Plaintiff was a pretrial detainee at the Okeechobee Jail as reflected in his only mailing address of record. Plaintiff's Complaint asserts claims for false arrest and excessive force incident to his arrest on January 19, 2021.

On June 2, 2022, presiding U.S. District Judge Darrin P. Gayles screened the Complaint and found that Plaintiff plausibly asserted claims for false arrest and excessive force against Deputy Ramiro Doval in his individual capacity but that the Okeechobee County Sheriff's Office must be dismissed as a legal entity not subject to suit under § 1983. DE 4 at 3. Therefore, Judge Gayles

issued an order allowing the Complaint to proceed solely against Deputy Ramiro Doval ("Defendant") and dismissed with prejudice Okeechobee County Sheriff's Office. *Id*. at 2-4. Judge Gayles simultaneously issued an Order requiring that the U.S. Marshal Service effectuate service of process on Defendant. DE 5. On August 24, 2022, Defendant filed an Answer generally denying Plaintiff's claims and raising affirmative defenses. DE 13.

On August 25, 2022, the case was set for trial on July 17, 2023, and pretrial deadlines were established. DE 14. Judge Gayle's Order Setting Trial Date and Pretrial Schedule and Referring Settlement Conference to Magistrate Judge required the parties to confer within 30 days to discuss the basis of Plaintiff's claims and Defendant's defenses and the possibility of a prompt settlement. *Id.* at 3. This Order also requires the parties to jointly file a notice of compliance within 2 days of their conferral to advise the Court as to the likelihood of settlement. *Id.* In addition, the case was referred to me to conduct a settlement conference by May 22, 2023. *Id.* To facilitate matters and consistent with my practice in other cases, on August 26, 2022, I issued an Order requiring the parties to confer and send me at least three proposed settlement conference dates by September 27, 2022. DE 15.

On September 21, 2022, Defendant filed a notice of inability to comply with either Judge Gayle's Order requiring the parties to confer and file a notice of compliance or my separate Order to provide proposed settlement conference dates because Plaintiff was no longer incarcerated at his mailing address of record at the Okeechobee County Jail. DE 16. Defendant attached proof that Defendant's prior filings mailed to Plaintiff at his address of record were returned as undeliverable with the stamp "RETURN TO SENDER NO LONGER HERE." DE 16-1; DE 16-2.

A search of publicly available state court records reveals that on May 31, 2022, Plaintiff was sentenced for a period of six (6) months, with four (4) months credit time served. *See State of Fla.*

*v. Alejandro Juarez*, Circuit Court of the 19th Judicial Circuit, Okeechobee County, Case No. 472022CF000048A, court record available at: https://www.civitekflorida.com/ocrs/app/caseinformation.xhtml?query=rDSJg3es4XiKYHZUQfW2WSPZzC4lwTLaD2k9Z9y1Xf4&from=partyCaseSummary.  These records suggest that Plaintiff is no longer incarcerated, which would explain the undelivered mail.

On October 7, 2022, mindful of Plaintiff's *pro se* status, I issued an Order to Show Cause explaining that while *pro se* litigants are generally afforded an appropriate measure of leniency, such litigants must still comply with Court Orders and governing procedural rules, including by keeping the Court apprised of their current mailing address and actively prosecuting their claims. *See* S.D. Fla. L.R. 11.1(g) ("A party appearing pro se shall conventionally file a Notice of Current Address with updated contact information within seven (7) days of a change. The failure to comply shall not constitute grounds for relief from deadlines imposed by Rule or by the Court. All Court Orders and Notices will be deemed to be appropriately served if directed either electronically or by conventional mail consistent with information on file with the Clerk of Court.").

Thus, I ordered Plaintiff to either (1) conventionally file a Notice of Current Address with updated contact information, or (2) file a written response that explains why Plaintiff is unable to do so.  The Order set a deadline of November 7, 2022.  I expressly cautioned Plaintiff that his "**failure to comply with this Order may result in my recommendation that this action be dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.**" DE 17 (emphasis in original).  In compliance with my Order's directives, the Clerk of Court sent the Order via U.S. Mail to Plaintiff's mailing address of record. DE 18.  Plaintiff has neither timely responded to this Order nor has he otherwise demonstrated any intention to pursue this lawsuit.  Defendant has filed a notice indicating an inability to comply with Court orders based

on Plaintiff's failure to update his address or otherwise keep in contact with Defendant.

Under Federal Rule of Civil Procedure 41: "[i]f the plaintiff fails to prosecute or to comply with ... a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b); *see also McKelvey v. AT&T Techs., Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion"). The Eleventh Circuit has made clear that a district court may dismiss a case for lack of prosecution based on its own "inherent power to manage its docket." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Dismissal *with prejudice* for failure to prosecute "is a sanction of last resort that is to be utilized only in extreme situations" and it "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mut. Prot. and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); *see also Betty K*, 432 F.3d at 1337–38 (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice). In contrast, a dismissal *without prejudice* is not an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

Over two months have passed since Judge Gayle issued his scheduling order requiring action from the parties regarding settlement prospects and referring this case to me for the purpose of setting a settlement conference. Defense counsel has been unable to communicate with Plaintiff regarding prospects for settlement or proposed dates for the setting of a Court-ordered settlement conference in this matter. Plaintiff has not responded to my Order to Show Cause giving him ample

time to either update his contact information or explain why he cannot. My Order to Show Cause clearly warned that Plaintiff's failure to respond could lead to my recommendation that this case be dismissed without further notice. It appears that Plaintiff is neither monitoring the record in this case nor does he appear interested in continuing to pursue his claims in this case. However, as there does not appear to be any clear record of delay or contumacious conduct, dismissal without prejudice for failure to prosecute is the appropriate course. *See, e.g., Riddell v. Florida*, 702 F. App'x 869, 871-72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss). This dismissal should not act as an adjudication on the merits. See Fed. R. Civ. P. 41(b) (providing that dismissal for failure to prosecute, or for failure to comply with the Federal Rules or a court order, operates as an adjudication on the merits "[u]nless the dismissal order states otherwise").

## RECOMMENDATION

Based on the foregoing, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and comply with Court Orders.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Darrin P. Gayles. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does**

**not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

   **DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 9th day of November, 2022.

                 _____
                 SHANIEK M. MAYNARD
                 U.S. MAGISTRATE JUDGE